**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES GONZALEZ, | Docket No.: |
| Plaintiff, | |
| -against- | |
| NEW YORK STATE DEPARTMENT OF LABOR and JENNY DIXON, | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiff Charles Gonzalez, by his attorneys, Shegerian & Associates, alleges, for his Complaint against Defendants New York State Department of Labor and Jenny Dixon, upon information and belief, and at all times relevant, as follows:

**PRELIMINARY STATEMENT**

1.      New York State Department of Labor ("DOL") intentionally discriminated against Plaintiff Charles Gonzalez ("Gonzalez") based on his disability, failed to engage in a cooperative dialogue with him, denied his request for a reasonable accommodation and cultivated a hostile work environment resulting in his unlawful termination. Defendant DOL permitted this discrimination despite complaints from Plaintiff Gonzalez. Further, Defendant retaliated and permitted retaliation against Gonzalez based on his request for accommodation and opposition to discrimination. Defendant Jenny Dixon aided and abetting in discriminating against Plaintiff based on his disability and request for accommodation, harassed him and retaliated against him resulting in the intentional infliction of emotional distress. Ultimately, Plaintiff was terminated on or about July 29, 2021 based on his disability and complaints lodged in opposition of discrimination and retaliation.

1

**NATURE OF THE ACTION**

2.      This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e, *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. § 296, *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL"), to remedy discrimination based upon disability, failure to engage in cooperative dialogue, denial of his request for a reasonable accommodation, hostile work environment, harassment, retaliation, aiding and abetting and other adverse action perpetrated by Defendant. Plaintiff seeks monetary damages to remedy his employment claims against Defendant.

3.      Plaintiff, a 59 year old Hispanic male diagnosed with liver cancer during his employment with Defendant DOL, complains that Defendant unlawfully discriminated against him on the basis of his disability by treating him less favorably in his terms and conditions of employment, failing to engage in cooperative dialogue, denying him reasonable accommodation, retaliating against him for complaining to Defendant DOL about the denial of reasonable accommodation and unlawfully terminated.

**JURISDICTION AND VENUE**

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court has supplemental jurisdiction over Plaintiff's New York State and New York City's statutory causes of action prohibiting discrimination pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff asserts supplemental State and City law claims pursuant to the New York State Constitution, New York Executive Law § 296, *et seq*. and New York City Administrative Code § 8-101, *et seq*.

6.      Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, and application and enforcement of DOL's equal employment opportunity ("EEO") policies, affecting the hiring, promotion, work assignments, discipline and termination of its employees, may be found in this District.

7.      All conditions precedent to jurisdiction have occurred or been complied with including, and in particular:

a.      On September 28, 2021, Plaintiff filed a Charge of Discrimination ("the Charge dated September 28, 2021") based on disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the adverse actions of which Gonzalez complains in this action.

b.      A Dismissal and Notice of Rights was issued by the EEOC on November 11, 2022. Plaintiff duly filed his Complaint within 90 days of receipt of the Dismissal and Notice of Rights. See attached as **Exhibit A**, a copy of the Charge dated September 28, 2021 and Dismissal and Notice of Rights dated November 16, 2022.

## PARTIES

8.      Plaintiff is a 59 year old Hispanic male and citizen of the United States of America who, at all times relevant, resides in Bergen County, State of New Jersey.

9.      Plaintiff has been continuously employed by DOL as a Project Coordinator until he was wrongfully terminated on or about July 21, 2021. Plaintiff Gonzalez was never written up for

misconduct and received positive performance reviews every year until he requested reasonable accommodations and complained about an excessive workload.

10.     Upon information and belief, Defendant DOL is a governmental agency duly organized and existing under and by virtue of the laws of the State of New York where it is incorporated with its principal place of business at P.O. Box 1195 Albany, New York 12201.

11.     Upon information and belief, at all relevant times, DOL is an employer as that term is used in the ADA, Title VII, NYSHRL § 296, *et seq.,* and NYCHRL § 8-101, *et seq.*

12.     Upon information and belief, at all relevant times, DOL is an employer as that term is used under the NYCHRL, because it has four (4) or more employees in its employ and conducts business in the State and City of New York. Upon information and belief, Defendant Dixon was at all relevant times Plaintiff's direct supervisor as an Employment Manager of DOL's 215 West 125th Street, New York 10023 location.

13.     Upon information and belief, Dixon, as an Employment Manager employed by DOL, in her individual and official capacity, acted as an agent, employee, licensee, servant and manager for DOL.

14.     Upon information and belief, DOL owned, managed, controlled, maintained, employed and/or supervised Dixon, individually and in her official capacity as an Employment Manager.

**STATEMENT OF FACTS**

I.      **PLAINTIFF'S DISABILITY, EMPLOYMENT HISTORY AND DEFENDANTS' DISCRIMINATORY PRACTICES**

15.     Plaintiff Gonzalez began his employment for Defendant DOL as of Project Coordinator earning $49.00 per hour on or about February 9, 2015. He was hired by Mario

4

Mussolini, Executive Commissioner of Labor and reported directly to Jenny Dixon, Employment

Manager and Steven Ryan ("Ryan"), Director of Work Force Solutions.

16.     In 2019, Plaintiff Gonzalez was diagnosed with liver cancer. He applied for

intermittent leave through the Family Medical Leave Act ("FMLA"), which he was approved for.

17.     Plaintiff needed two to three hours per day three days a week to attend doctor's

appointments to treat his cancer. His supervisor, Jenny Dixon ("Dixon") commented to him, "You

know, you make a lot of money, you should be able to do a lot more."

18.     Between approximately March 2020 to May 2020, Plaintiff Gonzalez was battling

COVID-19, and Defendant harassed him continuously requesting test results to prove he was

positive for the virus. Gonzalez explained that he was waiting on results and would submit them

as soon as it was available, but the calls continued.

19.     In or about May 2020, Plaintiff returned to work without any medical

accommodation. Gonzalez continued to suffer from long-term symptoms attributed to contracting

COVID-19. At this time, his colleagues were working from home, and he began to as well.

20.     In or about late December 2020, Defendant Dixon informed Plaintiff that he would

be performing the Labor Representative role in addition to his current Project Coordinator position

for the same pay. He received only two weeks of training for this new role. Other new hires for

this role received three months of training typically to complete the role's duties in a satisfactory

manner. His colleagues were receiving approximately three (3) calls per day, but he was given six

(6) to seven (7).

21.     Plaintiff Gonzalez expressed to Dixon that six or seven calls per day was

overwhelming him, and he felt he did not receive sufficient training to perform this job.

22.     Plaintiff Gonzalez decided to apply for reasonable accommodations because his disability was exacerbated by the added workload and lack of training to properly handle the volume of calls assigned to him.

23.     In or around late December 2020, Plaintiff Gonzalez's request for a reasonable accommodation was approved. However, Gonzalez continued to struggle because of the excessive workload and lack of sufficient training despite his requests of Defendants.

24.     On or around March 1, 2021, Plaintiff Gonzalez requested to continue working from home, a reduced workload and extended training time. On or around June 7, 2021, Plaintiff's request for reasonable accommodations were denied on the pretext that his performance suffered *because* he previously worked remotely. However, Gonzalez's performance suffered because he suffered from a serious disability and was given an excessive workload by Defendants.

25.     In or around June 2021, Plaintiff Gonzalez requested time off to seek treatment from his doctor and for vacation time. Defendant Dixon told Gonzalez that he would have to ask Ryan for vacation time. Gonzalez sent Ryan an email with his request, but his request was ignored. Additionally, Plaintiff never received the requested vacation time.

26.     During a staff telephone conference meeting with approximately six (6) of Ryan's staff present, he stated to Plaintiff, "You know, I looked at your resume, and I still don't understand what you do or did before you were hired to work for the New York State Department of Labor. You're a Grade 23 making a lot of money for what you do." Prior to Plaintiff's employment with Defendants, he was the Center Manager for a Workforce 1 office in the South Bronx serving thousands of unemployed New Yorkers per year as well as serving as the Director of Public and Private Partnerships for the Bergen County Executive.

27.     During Plaintiff's employment, Ryan used profanity in addressing him during a Bronx Borough President State of the County address stating, "I am fucking trying to look out of for you, even though your using personal time for this event. The Deputy Commissioner for Labor will be in attendance and even when you're not at work, you are still representing the Department of Labor!" Plaintiff complained via email to Ryan after this comment, and he requested to speak to him regarding the incident at his earliest convenience. Ryan had a history of this type of inappropriate behavior during his employment at Defendant DOL. He was eventually let go and is no longer employed by Defendant.

28.     On or around July 9, 2021, Defendant Dixon gave Plaintiff Gonzalez a negative performance review, which stated that he made 150 mistakes throughout the review period. Gonzalez called Dixon to complain and said, "I need more time to do the tasks in order for me to do it right." She replied, "No! You need to do it at the same time that everyone else is doing it."

29.     Shortly after, Plaintiff Gonzalez began working on Saturdays to have enough time to complete his assignments due to the excessive workload. However, Defendant Dixon reprimanded Gonzalez for working on Saturdays and told him he could not access the system on Saturdays.

30.     On or about July 12, 202, Plaintiff Gonzalez emailed a complaint to the Government Office or Employment Relations, the Equal Employment Opportunity Commission and directly to Russ Oliver, Ryan's Supervisor.

31.     In his email, Plaintiff Gonzalez complained about unfair and disparate treatment he received. He emphasized that he did not receive proper training and was not hired in 2015 to complete the position he was currently assigned to. He stated in the email, "I feel that this is a setup to get me terminated." However, Gonzalez's cry for help was completely ignored by all he

emailed, including, Dixon and Ryan. On or about July 12, 2021, Plaintiff Gonzalez requested intermittent FMLA and medical leave to Ryan. Ryan ignored his email. On or around July 29, 2021, Human Resources ("HR") sent an email to Gonzalez stating, "Based upon the recommendation of your supervisor we are terminating your employment effective immediately." No reason given for his termination, and no severance package was offered. Gonzalez was in disbelief. Other employees who did not complain about work conditions and request accommodations were given several negative performance reviews before being terminated. He only received one. Also, Gonzalez's performance review indicated that his work needed improvement. It did not recommend that he be terminated, which was typically what was indicated before an employee was terminated. He did not receive a level 3, which recommends termination.

32.     On July 21, 2021, Plaintiff was terminated by Defendant DOL without any explanation for his separation and was not offered any severance.

## II.     PLAINTIFF'S FORMAL EEOC CHARGE OF DISCRIMINATION

33.    On September 28, 2021, Plaintiff filed a Charge of Discrimination with the EEOC to complain of unfair discriminatory treatment and retaliation he suffered during his employment with Defendants. *See* **Exhibit A**.

34.     Plaintiff received a Dismissal and Notice of Rights dated November 11, 2022. *See* **Exhibit A**.

## FIRST CAUSE OF ACTION

### Violation of the ADA and its Amendments for Disability Discrimination and Failure to Provide Reasonable Accommodation — Against Defendants

35.     Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

8

36.     Defendants discriminated against Plaintiff on the basis of his disability of liver cancer in violation of the ADA. Defendants engaged and allowed its employees, managers, and agents to engage in a course of conduct which included without limitation: consistently overwhelming Plaintiff with a new position in addition to the Project Coordinator role he was hired for, assigning him six (6) to seven (7) calls per day, which is more that the two (2) to three (3) colleagues were saddled with typically, denying his request for sufficient training to perform his duties competently, denying his request for accommodation to work from home and denying him working on Saturdays and accessing Defendant DOL's system. Such conduct is demonstrative of Defendants' reckless indifference to the laws prohibiting discrimination.

37.     Defendant's willful acts and omissions constitute unlawful discrimination against Plaintiff based on his disability in violation of the ADA.

38.     But for Plaintiff's disability as an individual with liver cancer as well as COVID-19, Plaintiff would not have been harassed, treated unfairly, disciplining, denied promotion, retaliated against and constructively discharged.

39.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

40.     As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

## SECOND CAUSE OF ACTION

**Violation Of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*., and its Amendments for Hostile Work Environment on the Basis of Disability — Against Defendants**

41.     Plaintiff hereby repeats and re-alleges each allegation contained in the

paragraphs above as if fully set forth herein.

42.     Defendants' persistent, frequent and pervasive conduct created an atmosphere that was hostile, abusive, humiliating and degrading to Plaintiff as an individual with liver cancer.

43.     Defendants subjected Plaintiff to a hostile work environment permeated with harassment based on disability sufficiently severe and pervasive to alter the conditions of Plaintiff's employment in violation of Title VII.

44.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

45.     As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

**THIRD CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*., and its Amendments for Retaliation — Against Defendants**

46.     Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

47.     Plaintiff engaged in protected activities when she made multiple complaints of discrimination to DOL's management *i.e.* Defendant Jenny Dixon, Employment Manager and Steven Ryan as well as to HR against Defendants.

48.     As a result of and in response to these complaints and Plaintiff's opposition to discrimination and failure to accommodate Dixon denied Plaintiff a promotion, ridiculed and harassed Plaintiff, and told Plaintiff, in substance, that he was earning a lot of money and should be doing more work.

49. By the acts and practices described above, Dixon retaliated against Plaintiff for engaging in protected activities in violation of Title VII.

50. As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation.

## FOURTH CAUSE OF ACTION

**Violation of the New York State Human Rights Law for Disability Discrimination and Failure to Accommodate — Against All Defendants**

52. Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

53. New York Execute Law §296(1)(a) provides that: "It shall be an unlawful discriminatory practice for an employer . . . because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

54. By the aforementioned acts, Plaintiff has been discriminated against by Defendants, on the basis of his disability in violation of the New York State Human Rights Law ("NYSHRL").

55. But for Plaintiff's disability, he would not have been discriminated against, harassed, saddled with additional job responsibilities without additional compensation, overwhelmed with twice as many calls per day than his colleagues, disciplined, retaliated against, denied training and abruptly terminated. Any reasons proffered by Defendants for unfairly treating

Plaintiff by refusing reasonable accommodation are a pretext for discriminating against Plaintiff based on his disability.

56.     Defendants' acts and omissions constitute unlawful and willful discrimination against Plaintiff based on his disability in violation of the NYSHRL.

57.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

58.     As a direct and proximate result of Defendants' unlawful termination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

## FIFTH CAUSE OF ACTION

**Violation of the New York City Human Rights Law for Disability Discrimination and Failure to Accommodate — Against All Defendants**

59.     Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

60.     The New York City Administrative Code §8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

61.     By the aforementioned acts, Defendants discriminated against Plaintiff, by creating and maintaining discriminatory working conditions, refusing requests for reasonable accommodation and otherwise discriminating against Plaintiff because of his disability.

62.     But for Plaintiff's disability, he would not have been discriminated against, harassed, saddled with additional job responsibilities without additional compensation, overwhelmed with twice as many calls per day than his colleagues, disciplined, retaliated against, denied training and abruptly terminated.

63.     Defendants' acts and omissions constitute unlawful and willful discrimination against Plaintiff based on his disability in violation of the NYCHRL.

64.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

65.     As a direct and proximate result of Defendants' unlawful termination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

## SIXTH CAUSE OF ACTION

**Violation of New York State Human Rights Law for Hostile Work Environment on the Basis of Disability — Against All Defendants**

66.     Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

67.     Defendants' persistent, frequent and pervasive conduct created an atmosphere that was hostile, abusive, humiliating and degrading to Plaintiff as an individual diagbosed with liver cancer.

68.     Defendants subjected Plaintiff to a hostile work environment permeated with harassment based on disability sufficiently severe and pervasive to alter the conditions of Plaintiff's employment in violation of NYSHRL.

69.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

70.    As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

## SEVENTH CAUSE OF ACTION

### Violation Of New York City Human Rights Law For Hostile Work Environment on the Basis of Disability — Against All Defendants

71.    Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

72.     Defendants' persistent, frequent and pervasive conduct created an atmosphere that was hostile, abusive, humiliating and degrading to Plaintiff as an individual diagnosed with liver cancer.

73.    Defendants subjected Plaintiff to a hostile work environment permeated with harassment based on disability sufficiently severe and pervasive to alter the conditions of Plaintiff's employment in violation of NYCHRL.

74.    As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

75.    As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation and career.

## EIGHTH CAUSE OF ACTION

### Violation of New York State Human Rights Law For Retaliation — Against All Defendants

76.    Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

77.     New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any such activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practice forbidden under this article."

78.     Plaintiff engaged in protected activities when making multiple complaints of discrimination against Defendants to his supervisor, Defendant Dixon, Ryan, management and Defendant DOL's HR department.

79.     Plaintiff made multiple complaints and experienced adverse employment actions as a result including, but not limited to, the following: consistently overwhelming Plaintiff with a new position in addition to the Project Coordinator role he was hired for, assigning him six (6) to seven (7) calls per day, which is more that the two (2) to three (3) colleagues were saddled with typically, denying his request for sufficient training to perform his duties competently, denying his request for accommodation to work from home and denying him working on Saturdays and accessing Defendant DOL's system. Such conduct is demonstrative of Defendants' reckless indifference to the laws prohibiting discrimination.

80.     By the acts and practices described above, Defendants retaliated against Plaintiff for engaging in protected activities in violation of the NYSHRL.

81.     By the above-described unlawful conduct, the individually named Defendant Dixon, in her individual and official capacity, retaliated against Plaintiff for engaging in protected activities in violation of the NYSHRL.

82.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

83.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation.

## NINTH CAUSE OF ACTION

**Violation Of New York City Human Rights Law For Retaliation — Against All Defendants**

84.     Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

85.     New York City Administrative Code §8-107(7) provides that: "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has opposed any practice forbidden under this chapter."

86.     Plaintiff engaged in protected activities when making multiple complaints of discrimination against Defendants to his supervisor, Defendant Dixon, Ryan, management and Defendant DOL's HR department.

87.     Plaintiff made multiple complaints and experienced adverse employment actions as a result including, but not limited to, the following: consistently overwhelming Plaintiff with a new position in addition to the Project Coordinator role he was hired for, assigning him six (6) to seven (7) calls per day, which is more that the two (2) to three (3) colleagues were saddled with typically, denying his request for sufficient training to perform his duties competently, denying his request for accommodation to work from home and denying him working on Saturdays and accessing Defendant DOL's system. Such conduct is demonstrative of Defendants' reckless indifference to the laws prohibiting discrimination.

88.     By the acts and practices described above, Defendants retaliated against Plaintiff for engaging in protected activities in violation of the NYCHRL.

89.     By the above-described unlawful conduct, the individually named Defendant Dixon, in her individual and official capacity, retaliated against Plaintiff for engaging in protected activities in violation of the NYCHRL.

90.     As a proximate result of the foregoing, Plaintiff has sustained loss of wages, bonuses, benefits, promotional opportunities and other prerequisites of employment.

91.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation.

## TENTH CAUSE OF ACTION

**Violation of New York City Human Rights Law For Aiding, Abetting, Inciting, Compelling and Coercing Discrimination on the Basis of Disability, Hostile Work Environment and Retaliation — Against Defendant Jenny Dixon**

92.     Plaintiff hereby repeats and re-alleges each allegation contained in the paragraphs above as if fully set forth herein.

93.     The New York City Administrative Code §8-107(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

94.     Dixon engaged in conduct that aided, abetted, incited, compelled and coerced acts forbidden under New York City Human Rights Law, Administrative Code § 8-101, *et seq*., in violation of Administrative Code § 8-107(6).

95.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and is now suffering irreparable injury and monetary damages, including, without limitation, emotional distress and pain and suffering, humiliation and damage to reputation.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues of fact and damages stated herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charles Gonzalez requests judgment against Defendants and respectfully requests that this Court:

(a)     Declare the discriminatory acts and practices of Defendants complained of herein violated Plaintiff Gonzalez's rights under the ADA, Title VII, the NYSHRL and the NYCHRL;

(b)     Grant Plaintiff actual, consequential, liquidated, punitive and any other damages that the Court may deem appropriate against Defendants;

(c)     Order Defendants to pay lost, foregone and future wages to Plaintiff Gonzalez according to proof;

(d)     Order Defendants to pay Plaintiff Gonzalez's reasonably incurred attorneys' fees, costs and disbursements;

(e)     Order pre-judgment and post-judgment interest on all damages awarded;

(f)     Grant an award of punitive damages in an amount to be determined at trial; and

(g)     Grant Plaintiff Gonzalez such other and further relief as this Court deems just and proper.

Dated: New York, New York            SHEGERIAN & ASSOCIATES
      January 30, 2023

*Olivia Clancy*

18

Olivia M. Clancy
*Attorneys for Plaintiff*
**CHARLES GONZALEZ**
90 Broad Street, Suite 804
New York, New York 10004
Tel: (212) 257-8883
oclancy@shegerianlaw.com